FILED
CLERK

5/23/2019 2:24 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2

3    --------------------------------X
                                     :
4    UNITED STATES OF AMERICA,       :
                                     :   19-CR-00175 (SJF)
5              v.                    :
                                     :   April 29, 2019
6    BRIAN OFSIE,                    :   Central Islip, New York
                                     :
7                   Defendant.       :
                                     :
8    --------------------------------X

9

10            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
            BEFORE THE HONORABLE STEVEN I. LOCKE
                 UNITED STATES MAGISTRATE JUDGE

11

12   APPEARANCES:

13

14   For the Government:        UNITED STATES ATTORNEY
                                BY:  CHRISTOPHER A. OTT, ESQ.
                                ASSISTANT U.S. ATTORNEY

15

16   For the Defendant:        MARC C. GANN, ESQ.
                                Collins Gann McCloskey & Barry PLLC
17                              138 Mineola Boulevard
                                Mineola, New York 11501

18

19

20

21

22   Court Transcriber:        MARY GRECO
                                TypeWrite Word Processing Service
23                              211 N. Milton Road
                                Saratoga Springs, New York 12866

24

25

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

2

I N D E X

Defendant Sworn at Page 12

3

1   (Proceedings began at 12:11 p.m.)

2           THE CLERK:  All rise.  Calling case 19-CR-175,

3   United States of America v. Brian Ofsie.

4           Counsel, please state your appearance.

5           MS. CASTRO:  Good afternoon, Your Honor.  Monica

6   Castro for the United States on behalf of my colleague

7   Elizabeth Macchiaverna.  Seated with me at counsel table is

8   Special Agent Martin Sullivan of the United States Attorney's

9   Office.

10          THE COURT:  Good afternoon.

11          MR. GANN:  Good afternoon, Your Honor.  Marc Gann,

12   G-A-N-N, for Mr. Ofsie.

13          THE COURT:  Good afternoon.  Please be seated.  Mr.

14   Gann, your client is with you at counsel table?

15          MR. GANN:  He is, Your Honor.

16          THE COURT:  Okay.  Thank you.

17          Sir, the purpose of these proceedings is to make

18   sure that you understand what crimes you are charged with, to

19   make sure you understand you have the right to be represented

20   by an attorney, to address the question of whether you should

21   be released on bail or held in jail.  You are not required to

22   make a statement.  If you started to make a statement, you

23   could stop at any time.  If you've made a statement, you need

24   not make any further statement.  Any statement you do make,

25   however, other than to your attorney can be used against you.

4

1   Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Can you make sure the microphone is on?

4   One of them doesn't work.  Let's try --

5          MR. GANN:  It is on but --

6          THE COURT:  We need to get rid of the microphone.

7          MS. CASTRO:  That one doesn't work.

8          THE COURT:  Pull the other one.

9          THE DEFENDANT:  Yes.

10         THE COURT:  Do you understand what I've just

11  explained?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Sir, you're here today because you have

14  been charged with conspiracy to commit wire fraud and bank

15  fraud by information.  Have you seen a copy of the

16  information?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand the nature of the

19  charges?

20         THE DEFENDANT:  Yes.

21         THE COURT:  And you've had a chance to review the

22  charges with your lawyer?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you want a public reading of the

25  information?

1          THE DEFENDANT:  No.

2          THE COURT:  Okay.  Do you understand the maximum

3    penalty you face in connection with these charges?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Ms. Castro, would you explain the

6    maximum charge, the maximum penalty for the record, please?

7          MS. CASTRO:  Yes, Your Honor.  The maximum term of

8    imprisonment is 30 years.  Would you also like me to address

9    the fine?

10          THE COURT:  All of it.

11          MS. CASTRO:  Understood.

12          THE COURT:  Thank you.

13          MS. CASTRO:  A fine of up to $1 million, supervised

14    release term of three years to follow any term of

15    imprisonment.  If a condition of the supervised release were

16    to be violated, the defendant could be sentenced to up to two

17    years without credit for pre-release imprisonment.

18    Restitution in the amount of $3,488,615.42.  In addition, a

19    $100 special assessment.  There is also specified criminal

20    forfeiture amounts as set forth in Paragraph 6 through 13.

21          THE COURT:  Well, that's in the agreement you're

22    talking about now.

23          MS. CASTRO:  That's within the agreement.

24          THE COURT:  I'm just talking about the maximum

25    penalties under the statute.

6

1          MS. CASTRO:  Understood, Your Honor.

2          THE COURT:  Okay.  I just mentioned a moment ago,

3    sir, you're charged by information.  You have a constitutional

4    right to be charged by an indictment by a grand jury.  Here

5    the United States attorney has filed something called an

6    information which is a notice of the charges against you.

7    Because you are charged with a felony offense, you can only be

8    charged by information if you waive your constitutional right

9    to an indictment by grand jury.  An indictment is when a grand

10   jury hears evidence about the alleged offense and returns an

11   indictment finding probable cause that you committed the

12   crimes alleged.  A grand jury consists of 23 persons.  16 must

13   be present to hear the case and at least 12 must find probable

14   cause for you to be indicted.  A grand jury may or may not

15   indict you.  If you waive indictment by a grand jury, your

16   case proceeds against you by the US Attorney's information

17   just as though you were indicted.  Have you discussed your

18   right to indictment by grand jury with your attorney?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand your right to

21   indictment by grand jury?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And are you now waving your right to an

24   indictment by a grand jury?

25         THE DEFENDANT:  Yes.

7

1          THE COURT:  All right.  I'm holding a document

2     entitled waiver of indictment.  It appears to bear your

3     signature on the bottom.  Is that your signature, sir?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Okay.  I'm going to countersign it now

6     then.  Sir, has anyone threatened you or coerced you in any

7     way in order to get you to waive an indictment by grand jury?

8          THE DEFENDANT:  No.

9          THE COURT:  All right.  I find that the waiver you

10    signed which I've countersigned was signed voluntarily by you

11    and I accept that waiver and so we're going to proceed on the

12    information.

13         Counsel, is your client prepared to plead to the

14    information?

15         MR. GANN:  He is, Your Honor.

16         THE COURT:  Okay.  And what's that plea going to be?

17         MR. GANN:  It's to the one count of the information,

18    the bank and wire fraud count, Your Honor.

19         THE COURT:  Okay.  So he intends to plead guilty

20    which we'll handle in a few moments, is that correct?

21         MR. GANN:  Yes, that is correct.

22         THE COURT:  Okay.  Before we get to that, just so we

23    handle this in some order, with respect to bail, I believe a

24    package has been agreed upon.  Is that correct?

25         MR. GANN:  Yes, Judge.

1          THE COURT:  Okay.  I reviewed this.  Mr. Ofsie, what

2    this means is that in order for you to be released today, your

3    conduct is going to be restricted in a variety of ways

4    starting with the fact that you're going to be supervised by

5    Pretrial Services, your travel will be restricted to New York

6    State, you won't participate in the mortgage banking industry,

7    you'll forfeit your passport.  I'm reading from a proposed

8    order setting conditions of release and appearance by.  Have

9    you reviewed this document with your lawyer?

10          MR. GANN:  Could I have one moment, Judge?

11          THE COURT:  Yes.

12          MR. GANN:  What the Government -- Pretrial Services

13    has recommended that travel restriction.  The Government and I

14    had agreed, subject obviously to your approval, to limit

15    travel to the continental United States as opposed to New York

16    State only.  The reason for that was that Mr. Ofsie had

17    reflected in the -- as reflected in the Pretrial Services

18    report, has four children.  Several of them participate in

19    travel, sports activities that will take them out of state.

20    And it is our hope not to have the travel restriction to New

21    York State only because there will be logistical issues

22    potentially with coming to the court every time we need

23    approval for travel.  However, we did understand that would at

24    the very least require approval from Pretrial Services ahead

25    of time.

9

1          THE COURT:  Well, definitely with Pretrial's

2    approval.  But Ms. Castro, where are you on this?

3          MS. CASTRO:  Your Honor, the Government has no

4    objection in particular because of the defendant's cooperation

5    today and having turned himself in knowing well what lies

6    ahead.  We would comply with whatever Pretrial Services would

7    deem appropriate to facilitate supervision.

8          THE COURT:  All right.  Let's hear from Pretrial

9    Services.

10          FEMALE SPEAKER:  Your Honor, [inaudible], we have no

11    objection to [inaudible].

12          THE COURT:  All right.  So I'll modify this.  Well,

13    is it only travel for the athletic competitions?

14          MR. GANN:  I don't want to say only but that is a

15    significant part of it.

16          THE COURT:  Well no, because I could just add plus

17    travel for children's athletic competitions if they'll do it.

18          MR. GANN:  Can I have one moment?

19          THE COURT:  I'm not interested in having the

20    defendant travel just for random weddings and bar mitzvahs all

21    over the country because I permitted it in the Pretrial order.

22    That I'm concerned about.

23          MR. GANN:  Okay.  That wasn't contemplated at all.

24          THE COURT:  No, I'm not suggesting it was.

25          MR. GANN:  Yeah.

1        [Pause in proceedings.]

2        MR. GANN:  So sporting activities should be

3  sufficient, Judge.  My client's only question was if at some

4  point he --

5        THE COURT:  No, if something comes up you can send a

6  letter to Ms. Castro and work it out

7        MR. GANN:  Yes.  Okay.

8        THE COURT:  Okay.  So Mr. Ofsie, you reviewed the

9  proposal order setting conditions of release and appearance

10 bond with your attorney?

11       THE DEFENDANT:  Yes.

12       THE COURT:  You understand the terms?

13       THE DEFENDANT:  Yes.

14       THE COURT:  You also understand that there's a bond

15 in the amount of $200,000 which is secured by property at 29

16 Farm Lane?  That's your residence?

17       MR. GANN:  I don't think it's secured by that,

18 Judge, because I may have made a mistake in filling it out.

19       THE COURT:  Oh no, no, you didn't.  I see.  It's a

20 PRB --

21       MR. GANN:  Yes.

22       THE COURT:  -- in the amount of $200,000 and the

23 address is just the defendant's address.

24       MR. GANN:  Correct.

25       THE COURT:  And that's what the Government agreed

11

1    to?

2              MS. CASTRO:  That's acceptable to us, Your Honor.

3              THE COURT:  All right.  That's fine.  You're going

4    to abide by the terms of this, Mr. Ofsie?

5              THE DEFENDANT:  Yes.

6              THE COURT:  All right.  I'll sign it now.  Okay.

7    Now we're going to begin the portion of the proceedings

8    dealing with the guilty plea unless there's anything else we

9    need to put on the record.  Ms. Castro?

10             MS. CASTRO:  Not at this time, Your Honor.  Thank

11   you.

12             THE COURT:  Mr. Gann?

13             MR. GANN:  No thank you, Judge.

14             THE COURT:  All right.  Before we begin with the

15   plea portion of today's proceeding, Mr. Ofsie, I need you to

16   understand something.  You have a right to have your guilty

17   plea taken by a United States District Judge.  In this case

18   that would be Judge Feuerstein.  I am not a United States

19   District Judge, I'm United States Magistrate Judge.

20   Accordingly, in order for me to preside over these proceedings

21   you need to consent to me doing that.  Have you had a chance

22   to speak with your lawyer about this?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Are you consenting to be presiding over

25   these proceedings?

12

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  And I'm holding a document

3   entitled consent to proceed before a United States Magistrate

4   Judge for purposes of a plea of guilty and allocution.  It

5   appears to be a your signature.  Is that your signature, sir?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Okay.  The way this is going to work now

8   is that before I can consider your plea, and then will do is

9   make a recommendation to Judge Feuerstein about whether or not

10  to accept it, I'm going to have to ask you a number of

11  questions to assure myself that your plea is indeed a valid

12  one.  Accordingly, if you don't understand my questions,

13  please say so and I'll attempt to reword it such that you can

14  understand.  Okay?

15         THE DEFENDANT:  Yes.

16         THE COURT:  All right.  Would you please stand and

17  raise your right hand?

18  (AT THIS TIME THE DEFENDANT, BRIAN Ofsie, WAS SWORN.)

19         THE COURT:  Please be seated.  Sir, do you

20  understand now having been sworn your answers to my questions

21  will be subject to the penalties of perjury or of making a

22  false statement if you do not answer truthfully?

23         THE DEFENDANT:  Yes.

24         THE COURT:  What is your full name?

25         THE DEFENDANT:  Brian Seth Ofsie.

13

1          THE COURT:  And how old are you, sir?

2          THE DEFENDANT:  48.

3          THE COURT:  Are you a citizen of the United States?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And how far did you go in school?

6          THE DEFENDANT:  Business degree.

7          THE COURT:  Is that college or graduate school?

8          THE DEFENDANT:  College.

9          THE COURT:  Okay.  Four year degree?

10         THE DEFENDANT:  Yes.

11         THE COURT:  All right.  Are you presently or have

12 you recently been under the care of a physician or

13 psychiatrist?

14         THE DEFENDANT:  No.

15         THE COURT:  In the past 24 hours, have you taken any

16 narcotic drugs, medicine, or pills or drank any alcoholic

17 beverages?

18         THE DEFENDANT:  No.

19         THE COURT:  Have you ever been hospitalized for

20 narcotic addiction?

21         THE DEFENDANT:  No.

22         THE COURT:  Is your mind clear today?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand what's going on?

25         THE DEFENDANT:  Yes.

14

1           THE COURT:  All right.  Counsel, have you discussed
2   this matter with your client?
3           MR. GANN:  Extensively.
4           THE COURT:  Does your client understand the rights
5   that he'd be waiving with a guilty plea?
6           MR. GANN:  Yes, Your Honor.
7           THE COURT:  Is your client capable of understanding
8   the nature of these proceedings?
9           MR. GANN:  He is.
10          THE COURT:  Do you have any doubt about his
11  competence to plead at this time?
12          MR. GANN:  None.
13          THE COURT:  Mr. Ofsie, you have the right to plead
14  not guilty.  Do you understand?
15          THE DEFENDANT:  Yes.
16          THE COURT:  If you plead not guilty, under the
17  constitution and laws of the United States you are entitled to
18  a speedy and public trial by a jury with the assistance of
19  counsel on the charges.  Do you understand?
20          THE DEFENDANT:  Yes.
21          THE COURT:  At the trial, you would be presumed to
22  be innocent and the Government would have to overcome that
23  presumption and prove you guilty by competent evidence and
24  beyond a reasonable doubt and you would not have to prove that
25  you are innocent.  And if the Government failed, the jury

1 would have the duty to find you not guilty.  Do you

2 understand?

3          THE DEFENDANT:  Yes.

4          THE COURT:  In the course of the trial, the

5 witnesses for the Government have to come to court and testify

6 in your presence and your counsel would have the right to

7 cross examine the witnesses for the Government, to object to

8 evidence offered by the Government, and to offer evidence on

9 your behalf.  Do you understand?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And if there were witnesses who were

12 reluctant to come to trial, your attorney would have the right

13 to subpoena those witnesses and compel them to testify on your

14 behalf.  Do you understand?

15          THE DEFENDANT:  Yes.

16          THE COURT:  At the trial, while you would have the

17 right to testify if you choose to do so, you would not be

18 required to testify.  Under the Constitution of the United

19 States, you cannot be compelled to incriminate yourself.  If

20 you decided not to testify, the Court would instruct the jury

21 that they could not hold that against you.  Do you understand?

22          THE DEFENDANT:  Yes.

23          THE COURT:  If you plead guilty and I recommend

24 acceptance of the plea and the plea is accepted, you'll be

25 giving up your constitutional rights to a trial and the other

16

1   rights we've just discussed.  There will be no further trial

2   of any kind and no right to appeal or collaterally attack at

3   any time the question of whether you're guilty or not although

4   you may be able to challenge the conviction or sentence if you

5   are sentenced to a period of incarceration of greater than 63

6   months.  Do you understand?

7             THE DEFENDANT:  Yes.

8             THE COURT:  If you plead guilty, I'm going to have

9   to ask you questions about what you did in order to satisfy

10   myself that you are guilty of the charges to which you seek to

11   plead guilty and you'll have to answer my questions and

12   acknowledge your guilt.  Thus, you'll be giving up your right

13   not to incriminate yourself.  Do you understand?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Are you willing to give up your right to

16   a trial and the other rights we've just discussed?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Okay.  In this case I believe there's a

19   cooperation agreement.  Have you reviewed the cooperation

20   agreement with your attorney?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Did you understand its terms?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And I believe on the last page of the

25   cooperation agreement, which is Page 11, it bears your

17

1  signature.  Is that your signature, sir?

2          THE DEFENDANT:  Yes.

3          THE COURT:  All right.  Ms. Castro, I'm going to ask

4  you to summarize the terms of the cooperation agreement on the

5  record including all waivers.

6          MS. CASTRO:  Yes, Your Honor.  Under the cooperation

7  agreement at Paragraph 3, the defendant agrees not to file an

8  appeal or other challenge by a habeas position any sentence at

9  or below 63 months of imprisonment.  In addition, the

10 defendant agrees to provide truthful, complete, and accurate

11 information and cooperate with the office as set forth in

12 Paragraph 4 of the agreement.  The office in exchange agrees

13 that except as provided in specified Paragraphs 1, 17, and 18,

14 no further criminal charges will be brought against the

15 defendant for his disclosed participation in criminal activity

16 involving, one, false representations to the New York State

17 Department of Financial Services and others as to the true

18 ownership of Vanguard Funding, LLC from the period of

19 approximately 2008 through 2016.  And (B), obtaining loans

20 from banks by falsely representing that money from the loans

21 would be used to fund specified home mortgages from the period

22 of approximately August 2015 and March 2017 as described in

23 the information that was filed in this case.

24          The defendant also acknowledges that he obtained and

25 acquired property in the amount of $200,000 which under the

18

1  agreement he agrees to forfeit.  As specified in the

2  agreement, a forfeiture money judgment shall be entered for

3  that amount and will be paid as follows.  $100,000 to be paid

4  within 60 days after the defendant's guilty plea and the

5  remaining balance of $100,000 to be paid no later than April

6  1, 2020.  Defendant is also required to disclose all of his

7  assets to the United States on a financial statement.  Oh, I

8  apologize, did so, on a financial statement dated August 3,

9  2017 and later updated.  The defendant acknowledges that

10 failure to provide a proper or accurate financial statement

11 would have affected that the terms of this agreement and could

12 be deemed a breach if the financial statement provided was not

13 updated and correct.  That is essentially the substance of the

14 agreement, Your Honor.

15           THE COURT:  Agree, Mr. Gann?

16           MR. GANN:  I do, Your Honor.

17           THE COURT:  Anything to add?

18           MR. GANN:  No thank you.

19           THE COURT:  All right.  Mr. Ofsie, we talk about the

20 elements of a crime which are the elements that the Government

21 must prove to establish guilt at trial.  Are you aware of the

22 elements of the crimes to which you seek to plead guilty?

23           THE DEFENDANT:  Yes.

24           THE COURT:  All right.  Ms. Castro, would you

25 summarize the elements of those crimes for the record?

19

1          MS. CASTRO:  Yes, Your Honor.  The defendant is

2     charged by information with conspiracy to commit wire and bank

3     fraud, charges that the defendant between August 2015 and

4     March 2017 within the Eastern District of New York, together

5     with others, entered into an agreement to obtain money from

6     banks under false pretenses.  The banks at issue were

7     financial institutions under Title 18, United States Code

8     Section 20, and the deposits at those banks were insured by

9     the FDIC.  The defendant knowingly participated in the scheme

10    with intent to defraud the banks.  And both the defendant and

11    his co-conspirators used or caused the use of interstate wires

12    in furtherance of that scheme.

13         THE COURT:  All right.  Mr. Ofsie, have you

14    discussed the charges in the information to which you seek to

15    plead guilty with your attorney?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And you understand the nature of those

18    charges?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  I'm going to ask the

21    Government also to summarize the penalties that can be imposed

22    in connection with these charges.

23         MS. CASTRO:  Yes, Your Honor.  Statutory penalties

24    are arranged within zero to 30 years of imprisonment, up to $1

25    million or twice the gross gain or twice the gross loss of the

20

1   offense conduct, and a fine.  With respect to supervised

2   release, a term of up to three years as the maximum to follow

3   any term of imprisonment.  Should there be any violation of

4   supervised release, the defendant could be sentenced up to two

5   years in prison without credit for any pre-release

6   supervision.  In addition, a penalty of restitution in the

7   amount of $3,480,615.42, and a $100 special assessment.

8           THE COURT:  All right.  Mr. Ofsie, you understand

9   that supervised release which the attorney for the Government

10  just referred to is like a period of probation or parole.

11  It's a period during which you will be supervised and have to

12  follow certain rules and restrictions.  And if you fail to do

13  so, you could be subject to further incarceration for up to

14  two years without credit for prior time served.  Do you

15  understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Have you discussed the sentencing

18  guidelines and other sentencing factors with your attorney?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that the sentencing

21  guidelines are not mandatory but that in sentencing the Court

22  is required to consider the applicable guideline range along

23  with certain statutory factors listed at 18 United States Code

24  Section 3553(a) and that the Court will consider the nature

25  and circumstances of the offense and your criminal history, if

21

1    any, and other characteristics.

2              THE DEFENDANT:  Yes.

3              THE COURT:  What that means is the only guarantee

4    you have with regard to sentencing is the statutory maximum we

5    just discussed before which in this case is 30 years.  Do you

6    understand?

7              THE DEFENDANT:  Yes.

8              THE COURT:  In formulating the sentence, the

9    district court must consider certain statutory factors I just

10   alluded to which include the seriousness of the offense, just

11   punishment, protection of the public from additional criminal

12   conduct by you and others, and where appropriate your

13   cooperation if the Government submits what's called a 5K1.1

14   letter.  Do you understand?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you realize that if the sentence is

17   more severe than you expected, you'll be bound by your guilty

18   plea and not permitted to withdraw it although you may be able

19   to challenge the conviction or sentence if you're sentenced to

20   a period of incarceration of greater than 63 months?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you have any questions you'd like to

23   ask me about the charges or your rights or anything else in

24   connection with this matter?

25             THE DEFENDANT:  No.

22

1        THE COURT:  Are you prepared to plead at this time?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Mr. Gann, do you know of any legal
4 reason why the defendant should not plead guilty?

5        MR. GANN:  No, Your Honor.

6        THE COURT:  All right.  Mr. Ofsie, are you satisfied
7 with your legal representation up until this point?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you believe your lawyer did a good
10 job?

11        THE DEFENDANT:  Yes.

12        THE COURT:  What is your plea with respect to the
13 single count in the information of conspiracy to commit a wire
14 fraud and bank fraud?

15        THE DEFENDANT:  Guilty.

16        THE COURT:  Are you making this plea of guilty
17 voluntarily and of your own free will?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Has anyone threatened you or coerced you
20 in any way in order to get you to plead guilty?

21        THE DEFENDANT:  No.

22        THE COURT:  Other than your agreement with the
23 Government which was just outlined on the record, meaning the
24 cooperation agreement, has anyone made any promises to you in
25 order to get you to plead guilty?

1          THE DEFENDANT:  No.

2          THE COURT:  Has anyone made any promise to you as to

3   what your sentence will be?

4          THE DEFENDANT:  No.

5          THE COURT:  I'm now going to ask you to describe for

6   me in your own words what you did in connection with the

7   charges to which you are pleading guilty?

8          THE DEFENDANT:  I participated with others,

9   including Ed Bohm, Matt Voss, and Ed Sifer [Ph.] to cover up

10  fraudulent loans which had been obtained by Vanguard Funding

11  in which fraudulent loans were carried on the warehouse lines

12  of Santander Bank and Northport Bank.  The banks are financial

13  institutions and the transactions involved  interstate wires.

14  I should also say that the fraudulent loans were used to pay

15  the personal expenses of Vanguard Funding and its executives.

16  These activities occurred from August 2015 to March 2017 in

17  Garden City, New York within the Eastern District.

18          THE COURT:  What is your relation to the Vanguard?

19          THE DEFENDANT:  I was the former principal.

20          THE COURT:  Okay.  And during the relevant time

21  period?

22          THE DEFENDANT:  Principal.

23          THE COURT:  No, no, I'm saying but during the time

24  period you just outlined on the record from 2014 to 2017, is

25  that --

24

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Ms. Castro, anything else?

3          MS. CASTRO:  Your Honor, I would just say for the

4   record that the parties stipulate and agree that the banks at

5   issue here were financial institutions within the meaning of

6   Title 18, USC Section 20, and that they were insured by the

7   FDIC.

8          THE COURT:  Counsel?

9          MR. GANN:  We so stipulate.

10          THE COURT:  Okay.  I'm now going to ask the attorney

11   for the Government to outline the proof that would have been

12   offered had this matter proceeded to trial.

13          MS. CASTRO:  Your Honor, the proof would include

14   statements of the defendant himself, documentation

15   demonstrating the wire frauds.  Or I apologize, the wires that

16   were sent transferring the money to co-conspirators involved

17   with the scheme.  In addition, documentation demonstrating the

18   fraudulent loans that were represented to the banks and --

19          THE COURT:  I'm sorry, I lost you on the last part.

20   The fraudulent loans and something with the banks.

21          MS. CASTRO:  And the representation to the bank as

22   to what those loans were going to be used for.

23          THE COURT:  So the misrepresentations to the banks

24   that led to the loans?

25          MS. CASTRO:  Yes.

25

1         THE COURT:  Okay.  Anything else?

2         MS. CASTRO:  Not at this time, Your Honor.

3         THE COURT:  Okay.  Based on the info -- anything

4    else from the defendant?

5         MR. GANN:  No thank you, Judge.

6         THE COURT:  Based on the information given to me, I

7    find that the defendant is acting voluntarily, that he fully

8    understands his rights and the consequences of the plea, and

9    that there's a factual basis for the plea.  I'm therefore

10   recommending to Judge Feuerstein acceptance of the plea of

11   guilty to the one count in the information of conspiracy to

12   commit wire fraud and bank fraud.

13        Is there anything else for the Government?

14        MS. CASTRO:  No.  Thank you, Your Honor.

15        THE COURT:  Anything for the defense?

16        MR. GANN:  No.  Thank you, Judge.

17        THE COURT:  We are concluded.  Thank you, all.

18        MS. CASTRO:  Thank you.

19   (Proceedings concluded at 12:36 p.m.)

20                  *  *  *  *  *  *

21

22

23

24

25

26

1        I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4
                                    *Mary Greco*
5                        _____

6                                    Mary Greco

7   Dated:   May 23, 2019

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25