# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| BRIAN OFSIE | Case Number: 2:19-cr-0175-001-JS-SIL |
| | USM Number: 91591-053 |
| | Marc Gann, Esq. and John Carman, Esq. (Retained) |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    one (1) of the single-count Information

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1349, 1343, and 1344 | Conspiracy to Commit Wire Fraud and Bank Fraud; a Class B Felony | 3/31/2017 | 1 |

   The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 2 6 2022   ★

LONG ISLAND OFFICE

9/21/2022
Date of Imposition of Judgment

Signature of Judge

Joanna Seybert, Senior United States District Court Judge
Name and Title of Judge

9/26/2022
Date

DEFENDANT:   BRIAN OFSIE
CASE NUMBER:   2:19-cr-0175-001-JS-SIL

# PROBATION

You are hereby sentenced to probation for a term of:

**FOUR (4) YEARS**

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.   You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.   You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  BRIAN OFSIE
CASE NUMBER:  2:19-cr-0175-001-JS-SIL

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:   BRIAN OFSIE
CASE NUMBER:   2:19-cr-0175-001-JS-SIL

# SPECIAL CONDITIONS OF SUPERVISION

- The defendant must comply with Order of Restitution.

- Upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records.

- The defendant is barred from working as a financial consultant or investment advisor, or holding a position in which he is responsible for clients' funds.

- The defendant will notify any current or potential future employer that affords the defendant authority to manage financial matters, or to oversee or assist in the management of financial affairs and/or investments, that he was convicted of Wire and Bank Fraud Conspiracy. Such notification is to be confirmed by the United States Probation Department, and the defendant is to assist the Probation Department in verifying the job description of any employment he secures while under supervision.

DEFENDANT: BRIAN OFSIE
CASE NUMBER: 2:19-cr-0175-001-JS-SIL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 3,488,615.42 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of Court, EDNY | | $3,488,615.42 | |

| TOTALS | $ 0.00 | $ 3,488,615.42 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __6__ of __6__

DEFENDANT: BRIAN OFSIE
CASE NUMBER: 2:19-cr-0175-001-JS-SIL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
     The defendant must pay Restitution in the amount of $3,488,615.42 due immediately, and payable at a rate of 10% of his gross monthly income while on Probation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| SEE ATTACHED ORDER OF RESTITUTION | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

SEE ATTACHED ORDER OF FORFEITURE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      – against –

BRIAN OFSIE

          Defendant.

- - - - - - - - - - - - - - - - - - X

**ORDER OF RESTITUTION**

Criminal Docket No. 19-175 (JS)

WHEREAS the defendant BRIAN OFSIE was sentenced on September 21, 2022, in the above-captioned case,

1.     This Order of Restitution will be incorporated by reference to the Judgment and Commitment Order to be filed in connection with the above-captioned case.

2.     The defendant is directed to pay restitution to the victims named and in the amounts listed in Exhibit A to this Order.

3.     The defendant is jointly and severally liable—along with (a) Matthew T. Voss, the defendant in United States v. Voss, 18-CR-0027 (SJF) (E.D.N.Y.), (b) Edward J. Sypher, Jr., the defendant in United States v. Sypher, 18-CR-0028 (SJF) (E.D.N.Y.), and (c) Edward E. Bohm, the defendant in United States v. Bohm, 18-CR-0036 (JS) (E.D.N.Y.)—to pay the restitution specified in Exhibit A to this Order.

4.     Restitution is due immediately, but payable at the rate of 10% of the defendant's gross monthly income, earned and/or unearned from all sources, in monthly payments. Monthly payments shall be made to the Clerk of the Court, United States District Court, 225 Cadman Plaza East, Brooklyn, New York 11201. The payment instrument shall reference the case name and number, as set forth above.

5. The Clerk is directed to distribute restitution payments pro rata to the victims at least once per year to the extent funds are available to distribute. The United States Department of Probation and the United States Attorney's Office are directed to provide to the Clerk whatever assistance is necessary to assure prompt distribution of restitution payments. The Clerk is directed to mail a copy of the instant document and the attachment to the Criminal Assistant assigned to the instant case and the Financial Litigation Unit of the United States Attorney's Office of the Eastern District of New York.

Dated: Central Islip, New York
September 21 , 2022

HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -                         Criminal Docket No. 19-175 (JS)

BRIAN OFSIE,

            Defendant.

- - - - - - - - - - - - - - - - - - X

## EXHIBIT A TO ORDER OF RESTITUTION

| Victim Name & Address | Loss Amount |
|---|---|
| Northpointe Bank<br>3333 Deposit Drive NE<br>Grand Rapids, MI 49546 | $1,280,442.46 |
| Santander Bank<br>845 North Market Street, Suite 100<br>Wilmington, DE 19801 | $2,208,172.96 |
| Total Restitution: | $3,488,615.42 |

SLR:LDM:MMO
F. #2018R00109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against –

BRIAN S. OFSIE,

        Defendant.

– – – – – – – – – – – – – – – – –X

ORDER OF FORFEITURE

19 CR 175 (SJF)

WHEREAS, on or about April 29, 2019, BRIAN S. OFSIE (the "defendant"), entered a plea of guilty to the offense charged in the sole count above-captioned Information, charging a violation of 18 U.S.C. § 1349; and

WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(2) and 982(b)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred thousand, dollars and zero cents ($200,000.00) (the "Forfeiture Money Judgment"), as property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of his violation of 18 U.S.C. § 1349, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(2) and 982)(b)(1), and 21 U.S.C. § 853(p).

2.     All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the "United States Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight mail to Asset forfeiture Paralegal Brian Gappa at the United States Attorney's Office, at 610 Federal Plaza, 5th Floor, Central Islip, New York 11722. The Forfeiture Money Judgment shall be paid as follows (i) one hundred thousand dollars and no cents ($100,000.00) to be paid within 60 days after the defendant's guilty plea, and (ii) the remaining balance of $100,000 shall be paid no later than April 1, 2020 (the "Due Dates").

3.     Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4.     The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p).

5.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties,

and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.     The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount, or a payment of any income taxes that may be due, and shall survive bankruptcy.

7.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.     This Order shall be final and binding only upon the Court's "so ordering" of the Order.

10.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.     The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to the United States Attorney's Office, Eastern District of

New York, Attn: Brian Gappa, FSA Paralegal, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
            _____, 2019

SO ORDERED:

s/ Sandra J. Feuerstein
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK